IRVING, P.J.,
for the Court:
¶ 1. On October 13, 2010, the Forrest County Chancery Court granted Alfredo Sandoval and Kimberly Sandoval a divorce on the ground of adultery. The chancery court also awarded Kimberly physical custody of the couple’s three children and divided the couple’s marital assets. Feeling aggrieved, Alfredo appeals and asserts that the chancery court erred in classifying the appreciation of some of the businesses as marital property and in its calculation of the appreciation period for the marital property.
¶ 2. Finding error, we affirm in part, reverse and render in part, and remand in part the judgment of the chancery court. We affirm that part of the chancery court’s judgment classifying the appreciation in value of the Laurel and Ellisville businesses as marital property. However, because the chancellor utilized the total appreciation occurring during the life of the Laurel and Ellisville businesses, rather than the amount of appreciation occurring during the course of the parties’ marriage, we reverse and remand. We also reverse and render that part of the judgment classifying as marital property the appreciation in value of the Forest, Mississippi businesses.
FACTS
¶ 3. Alfredo and Kimberly were married on March 14, 2007. Prior to their marriage, Alfredo and a business partner opened three grocery stores and a restaurant. These businesses continued to exist throughout Alfredo’s marriage to Kimberly. The three grocery stores were located in Laurel, Mississippi; Ellisville, Mississippi; and Forest, Mississippi. The restaurant was also located in Forest, Mississippi. Alfredo and Kimberly both testified that Kimberly’s name was included on the deed to the marital home and on the building that housed the business in Laurel. Kimberly argued that because Alfredo’s other businesses were funded using money from the Laurel business, she was entitled to an interest in the Ellisville and Forest businesses.
¶4. Alfredo testified that Kimberly assisted in operating the Laurel business for approximately three months but never went back to work after the birth of their first child in 2000.[1] Additionally, Alfredo testified that while Kimberly was entitled to a one-fourth interest in the building housing the Laurel business and a one-half interest in the marital home located in Petal, Mississippi, Kimberly was not enti- *80 tied to a percentage of the businesses because she did not actively participate in their operation.
¶ 5. The chancery court found that the marital home and the couple’s one-half interest in the building housing the Laurel business should be classified as marital property because Kimberly is listed on the deeds. The chancery court also determined that Kimberly was entitled to an equitable distribution of the increase in the value of the Laurel, Ellisville, and Forest businesses because of Alfredo’s active participation in the businesses’ appreciation in value during the marriage.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. Even though the parties characterize the issue on appeal as one issue, we separate the issue into the following two issues for clarity: (1) whether the chancery court erred in classifying the appreciation of some of the businesses as marital property and (2) whether the chancery court erred in its calculation of the appreciation period of the marital property. An appellate court’s scope of review in a domestic-relations matter is limited. Williams v. Williams, 37 So.3d 1171, 1173 (¶4) (Miss.2010). As such, an appellate court will not disturb a chancery court’s findings unless the court was manifestly wrong, reached a clearly erroneous result, or applied an erroneous legal standard. Ferguson v. Ferguson, 639 So.2d 921, 930 (Miss.1994).
¶ 8. Before a chancery court can divide a couple’s assets, it must first classify the assets as marital or separate property. Fisher v. Fisher, 771 So.2d 364, 368 (¶ 14) (Miss.2000). Next, the chancery court must divide the assets based on the Ferguson factors.[2] Id. Finally, if one party is left with a deficit after the division of assets, the chancery court should consider alimony based on the value of the nonmari-tal assets. Id. at 369 (¶ 14). “Marital assets” are those assets accumulated or acquired during the marriage. Wheat v. Wheat, 37 So.3d 632, 637 (IT 14) (Miss.2010). Excluded from the definition of “marital assets” are those assets attributable to one party’s separate estate prior to or outside the marriage. Craft v. Craft, *81 825 So.2d 605, 608 (¶ 11) (Miss.2002). Additionally, “[property brought into the marriage by one partner and used by the family becomes a marital asset.” Boutwell v. Boutwell, 829 So.2d 1216, 1221 (¶ 19) (Miss.2002) (citing Johnson v. Johnson, 650 So.2d 1281, 1286 (Miss.1994)).
 ¶ 9. The chancery court’s inquiry should examine both spouses’ contributions to the appreciation of assets. The active/passive test is used to classify the appreciated value of a spouse’s separate asset by examining the reason for its appreciation. Rhodes v. Rhodes, 52 So.3d 430, 436 (¶ 20) (Miss.Ct.App.2011). If the asset’s appreciation results from a spouse’s effort, the appreciation is “active” and thus, marital. Id. If the asset’s appreciation results from other causes, the appreciation is “passive” and, thus, remains separate property. Id.

1. Appreciation as Marital Property

¶ 10. The chancery court determined that Kimberly was entitled to “an equitable distribution of the ... increase in value of [all of] the businesses ... due to [Alfredo’s] active participation” in the businesses. We disagree as to the businesses located in Forest. In its application of the active/passive test, the chancery court erred in classifying the appreciation in value of the businesses in Forest as a marital asset. It is undisputed that neither Alfredo nor Kimberly worked at the Forest businesses. Alfredo only collected a commission check from his business partner. Alfredo’s business partner controlled the Forest businesses. Neither Kimberly nor Alfredo contributed to the appreciation in value of those businesses. As such, the appreciation of those businesses was passive and should not have been considered marital property.
¶ 11. Even though the Laurel and Ellisville businesses were incorporated pri- or to Alfredo’s marriage to Kimberly, the chancery court’s classification of the appreciation of those businesses as marital property was proper. Kimberly testified that she worked in both of these businesses throughout her marriage to Alfredo. However, as stated, Alfredo testified that while Kimberly helped with the Laurel business, she only worked there for three months prior to 2000. This was prior to the marriage. Alfredo further testified that Kimberly did not assist with the business in Ellisville. However, Alfredo continued to work at both of these businesses and took an active role in making the businesses profitable during his marriage to Kimberly. Thus, even though there was conflicting testimony about the length of time that Kimberly had worked at the Laurel and Ellisville businesses, the appreciation of the businesses is still marital property because Alfredo actively participated in making the businesses profitable. The chancery court correctly classified the appreciation of these businesses as marital property.

2. Period of Appreciation

¶ 12. Alfredo contends that the chancery court erred in considering the total current value of the businesses when dividing the marital assets. We agree. Only active appreciation that occurred during the course of the marriage is subject to equitable division. See A & L, Inc. v. Grantham, 747 So.2d 832, 839 (¶ 24) (Miss.1999). Although Alfredo and Kimberly dated for many years before getting married, they were married only three years. Therefore, only the active appreciation of the Laurel and Ellisville businesses, which occurred during the course of Alfredo and Kimberly’s three-year marriage, is marital property. Thus, the chancery court erred by not limiting its consideration of the appreciation of the *82 businesses to the time during which Alfredo and Kimberly were married. Therefore, we remand this case for a re-classification of these assets and a re-distribution of the marital assets.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF FORREST COUNTY IS AFFIRMED IN PART, REVERSED AND RENDERED IN PART, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., SPECIALLY CONCURS WITHOUT SEPARATE WRITTEN- OPINION. MYERS, J., NOT PARTICIPATING.

. The parties lived together and had children prior to their marriage.

. As enumerated in Ferguson, the factors to be considered by the chancery court are:
(1) substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows: (a) direct or indirect economic contribution to the acquisition of the property; (b) contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties!,] and duration of the marriage; and (c) contribution to the education, training!,] or other accomplishment bearing on the earning power of the spouse accumulating the assets; (2) the degree to which each spouse has expended, withdrawn!,] or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree!,] or otherwise; (3) the market value and the emotional value of the assets subject to distribution; (4) the value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse; (5) tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution; (6) the extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties; (7) the needs of the parties for financial security with due regard to the combination of assets, income!,] and earning capacity; and, (8) any other factor which in equity should be considered.